## JOHN STEVENS *v.* JAMES CHORN.

**Surety on Note—Notice by Surety to Collect.**

A notice by a surety upon the holder of a promissory note requiring him to collect the note is in effect a notice to institute suit and to enforce the collection of the judgment when the debt shall have been put in judgment.

**Attorney and Client.**

Where an attorney is employed to collect a debt due his client he has no authority to release sureties thereon.

APPEAL FROM CLARK CIRCUIT COURT.

April 22, 1876.

OPINION BY JUDGE LINDSAY:

James Chorn being the surety for John H. Quisenberry on a note payable to W. M. Stevens, delivered to the latter on the 28th of July, 1873, a written notice requiring him to "collect" said note.

Suit was instituted and judgment recovered on the note at the next term of the circuit court. Before execution could be issued on this judgment, the attorney of Stevens was informed by a deputy circuit court clerk that the judgment had been replevied in the office, and for that reason did not direct an execution to be issued. It turned out that Chorn had not signed the replevin bond accepted by the clerk. Upon the discovery of that fact and before the bond became due, Stevens, by his attorney, repudiated it, by an entry in writing upon the memorandum book, and forbade the clerk to issue an execution upon it. At the first term of the court thereafter, he entered a motion and finally obtained a judgment quashing said bond. After the bond had then been quashed, Stevens was about to sue out execution on his judgment, and Chorn instituted this action in equity to enjoin and restrain him from attempting to subject his estate to the judgment thereof.

We need not decide whether, under the provisions of Sec. 10, Chap. 97, Revised Statutes, which were continued in force by Sec. 11, Chap. 104, of the General Statutes, a surety is required, in order to secure the full benefit thereof, to notify the creditor, both to sue at the next term of the court, and to prosecute his suit with reasonable diligence, and also to sue out execution on his judgment after he shall have obtained it, and in good faith prosecute it to collection.

We are satisfied that in either view of the statute, both requisitions may be made in one notice, and we are of opinion that a notice to "collect" is in effect a notice to institute suit, and to enforce the collection of the judgment when the debt shall be reduced to a judgment. It is not complained that the claim was not prosecuted to a judgment with sufficient diligence. The question is whether Stevens has acted in good faith in his attempts to sue out execution and collect the judgment. The proof shows that his attorney was at the clerk's office a day or two before the execution was due, for the purpose of directing it to be issued. He was then informed by the deputy clerk in charge of the office that the judgment had been re-

plevied, or that Quisenberry had signed the bond and would give the security within a few days.

This information was acted upon by the attorney, and there is no reason inconsistent with good faith why he should not have acted upon it. The bond accepted by the clerk was not signed by Chorn, and the surety thereon was insolvent at the time he signed it. The acceptance of that bond by the clerk put it out of the power of Stevens to sue out execution, until he could have it set aside and quashed by order of court.

But it is insisted that the attorney for appellant authorized the clerk to accept the insolvent surety, and that this was equivalent to an acceptance of the bond when executed. It may well be doubted whether the attorney had the power to bind his client by the acceptance of an insufficient bond, especially when as in this case its acceptance operated to release one of the defendants in the judgment. An attorney is employed to collect the debt due to his client, and has no authority to release the sureties thereon, nor to do any act necessarily prejudicial to his client's interest. *Graves v. Briscoe, 3 J. J. Marshall* 532.

But answering the question, it is clear that the burden was upon appellee to prove that the attorney did undertake to interfere with and direct the clerk as to the manner in which he should discharge his official duties, in taking and accepting the bond in question. The deputy clerk swears that the attorney authorized him to accept the surety, who was accepted. The attorney swears without hesitancy or qualification that he did not so authorize him.

Treating each of the witnesses as equally entitled to credit, the evidence is equipoised and the appellee has failed to make out his case. The testimony of Taliferro was incompetent; but if it had been admitted, it could not have changed the character of the proof. The facts and circumstances of the case tend strongly to corroborate the statements of the attorney, as the evidence of Taliferro does to corroborate the statements of the deputy clerk.

The judgment is *reversed* and the cause remanded with instructions to dissolve the temporary injunction and to dismiss appellee's petition.

*James Simpson, for appellant.*
*Breckenridge & Buckner, for appellee.*